IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MOXIE PEST CONTROL OF MISSOURI, LLC, a Missouri limited liability company, <br><br>Plaintiff, <br><br>v. <br><br>MOXIE PEST CONTROL, LP a Texas limited partnership, <br><br>Defendant. | Case No. 4:24-cv-326 <br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Moxie Pest Control of Missouri, LLC ("Moxie KC") for its Complaint against defendant Moxie Pest Control, LP ("MPC") states and alleges as follows:

# INTRODUCTION

Moxie KC and MPC provide pest control services. Defendant MPC is the owner of the federally registered marks MOXIE and MOXIE PEST CONTROL for use in pest control (the "MOXIE trademarks") and sells franchises to pest control operators around the country. In 2011, MPC granted Moxie KC the right to use the MOXIE trademarks in connection with pest control in a 13-county area in Kansas and Missouri, including the greater Kansas City area (the "Area"). MPC retained the right to use the MOXIE trademarks in connection with any business other than pest control in the Area.

Moxie KC has continuously and exclusively used the MOXIE trademarks in the greater Kansas City area in connection with its pest control business since 2006. The MOXIE trademarks are well known in the Area and there is a strong association with the MOXIE trademarks and quality pest control amongst the public.

Moxie KC recently learned that MPC has begun using the MOXIE trademarks in connection with a pest control business in the Area, in breach of the parties' agreement and in violation of 15 U.S.C. § 1125(a). More specifically, MPC is sending sales representatives door to door soliciting customers using the MOXIE trademarks. MPC's actions have caused confusion amongst customers and the public in general as to the source of pest control services offered under the MOXIE trademarks and is likely to cause continued confusion in the minds of consumers. MPC's actions are causing irreparable harm to Moxie KC's commercial and reputational interests because the confusion MPC is causing in the market has caused Moxie KC's customers to switch pest control providers as a result of MPC's improper use of the MOXIE trademarks in the Area.

Moxie KC seeks a preliminary and permanent injunction to enforce the parties' agreement and to stop the irreparable harm Moxie KC is suffering.

## THE PARTIES

1. Plaintiff Moxie Pest Control of Missouri, LLC ("Moxie KC") is a Missouri Limited liability company in good standing, having its principal place of business at 1251 NW Pamela Blvd., Suite A, Grain Valley, Missouri 64029.

2. Upon information and belief, defendant Moxie Pest Control, LP, Inc. is a Texas limited partnership, having a principal place of business at 15243 W. 100th Terrace, Lenexa, Kansas 66219.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over MPC because MPC entered into a contract with Moxie KC in Missouri and because MPC has continuous and systematic contacts with Missouri,

in that it owns and/or operates businesses that offers pest control services using door-to-door sales people in Missouri.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (a)(2) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between plaintiff and defendant.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. Defendant MPC is the owner of the federally registered marks MOXIE and MOXIE PEST CONTROL for use in pest control (the "MOXIE trademarks").

8. The MOXIE trademarks are inherently distinctive.

9. Plaintiff Moxie KC is a former franchisee of MPC.

10. Moxie KC has continuously and exclusively provided pest control services in the Kansas City area under the MOXIE trademarks since 2006.

11. In 2011, Ryan and Kobi Waite acquired 100% percent ownership of Moxie KC, twenty percent of which was owned by Walton Holdings GP, LLC, which is the general partner of Defendant Moxie Pest Control, LP.

12. As part of that transaction in 2011, MPC granted Moxie KC a license to use the MOXIE trademarks to operate a pest control business in a 13-county area in Kansas and

Missouri, including the greater Kansas City area (the "Area"), along with MPC's training materials and processes. A true and correct copy of the parties' Membership Interest Purchase Agreement is attached hereto as Exhibit A and incorporated herein by this reference ("Agreement").

13. The "Area" means the counties of Jackson, Platte, Clay, Cass, Lafayette, Ray, and Johnson in Missouri and the counties of Johnson, Leavenworth, Wyandotte, Miami, Douglas, and Franklin in Kansas.

14. MPC retained the right to use the MOXIE trademarks in connection with any business other than pest control in the Area.

15. Moxie KC's license to use the MOXIE trademarks commenced on March 22, 2011 and shall end at any time that Ryan and Kobi Waite collectively own less than 80% of the equity interests in Moxie KC.

16. Ryan and Kobi Waite continue to own 100% of the equity interests in Moxie KC.

17. Moxie KC has invested considerable time and money building their business and reputation in the Area using the MOXIE trademarks.

18. The MOXIE trademarks as used in pest control are well known in the Area.

19. Since 2006, Moxie KC has grown successfully through the investment of substantial time, money, and effort, in advertising and developing its business in connection with the MOXIE trademarks.

20. For many years, Defendant MPC has used the MOXIE trademarks in connection with pest control services all over the Unites States, except for Kansas City (and the 13 county Area).

21. For example, MPC has offices and operates pest control business under the MOXIE trademarks in North Carolina, Virgina, Pennsylvania, Connecticut, Maryland, Colorado, Utah, Oklahoma, Florida, Georgia, Texas, Massachusetts, Illinois, Ohio, Wisconsin, Minnesota, Indiana, Tennessee, Kentucky, Arizona, Nevada, California.

22. MPC has offered pest control services in the Kansas City area under the trademark JOSHUA'S PEST CONTROL.

23. Moxie KC recently learned that MPC is now using the MOXIE trademarks for commercial use in commerce in connection with pest control in the Area, including in Kansas City.

24. MPC primarily uses door-to-door sales representatives to offer is pest control services in the Area using the MOXIE trademarks.

25. MPC then sends follow up text messages to customers and prospective customers in the Area using the MOXIE trademarks, such as the following test message:

> Thank you for speaking with us at Moxie and Joshua's Pest Control! On a scale from 1 (terrible) to 5 (amazing), how was your experience with us today? To opt-out, reply STOP.

26. The MOXIE trademarks are more well known, and hence more effective, with pest control consumers in the Area than the JOSHUA'S PEST CONTROL mark.

27. MPC is trying to create an association with MOXIE and JOSHUA'S PEST CONTROL.

28. In some instances, sales representatives have "MOXIE" written on inside of their "Joshua's Pest Control" hat and they take it off to show the MOXIE mark to prospective customers.

29. Consumers are likely to be confused that MPC's services, including those offered under the JOSHUA'S PEST CONTROL mark are sponsored by, affiliated with, or endorsed by Moxie KC.

30. MPC has refused to comply with Moxie KC's request that it cease and desist from using any version of the MOXIE trademarks in the Area.

31. On April 30, 2024, Moxie KC sent a letter to MPC demanding that it cease and desist from any and all use of the MOXIE trademarks in connection with pest control services in the Area. A true and correct copy of the April 30, 2024 letter is attached hereto as Exhibit B and incorporated herein by this reference.

32. MPC did not respond to Moxie KC's letter.

33. MPC's actions as described in the Complaint are willful, wanton, and malicious and in disregard of Moxie KC's rights.

34. As a direct result of MPC's improper use of the MOXIE trademarks in the Area, Moxie KC suffers direct and irreparable harm.

**COUNT I**
(Breach of Contract)

35. Moxie KC incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

36. The parties executed a Membership Interest Purchase Agreement on March 22, 2011 (the "Agreement"). Exhibit A.

37. Moxie KC has performed its obligations under the Agreement.

38. The Agreement remains valid and enforceable.

39. Under section 4.2 of the Agreement, Moxie KC was granted a license to use the MOXIE trademarks to conduct a pest control business in the Area.

40. Under section 4.2 of the Agreement, MPC retained the right to use the MOXIE trademarks in connection with any business other than pest control in the Area.

41. MPC breached and continues to breach the Agreement by offering pest control services under the MOXIE trademarks in the Area.

42. As a direct result of MPC's breach of the Agreement, Moxie KC suffers direct and irreparable harm.

## COUNT II
(Lanham Act 25 U.S.C. §1125(a))

43. Moxie KC incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

44. By using the MOXIE trademarks in connection with the offering of pest control services in the Area, through advertising, promotion, and otherwise, MPC intended to, and did, confuse and mislead the public as to the origin of its services and did represent and create the false impression that Moxie KC somehow authorized, originated, sponsored, approved, or participated in the offering of MPC's services under the MOXIE trademarks in the Area.

45. In fact, there is no connection, association, or relationship between the services offered by Moxie KC and MPC.

46. By using the JOSHUA'S PEST CONTROL mark alongside the MOXIE trademarks in connection with pest control services in the Area, through advertising, promotion, and otherwise, MPC intended to, and did, confuse and mislead the public as to the origin of its services and did represent and create the false impression that Moxie KC somehow authorized,

originated, sponsored, approved, or participated in the offering of MPC's services under the JOSHUA'S PEST CONTROL mark in the Area.

47. In fact, there is no connection, association, or relationship between the services offered by Moxie KC and JOSHUA'S PEST CONTROL.

48. MPC's use of the MOXIE trademarks in the Area has created, and will continue to create, a false impression concerning the association between Moxie KC and MPC; has created, and will continue to create confusion as to the origin of MPC's services, and has created, and will continue to create, a likelihood of confusion as to the connection among the respective parties.

49. As a direct and proximate result of defendant's actions and creation of a false impression of association between Moxie KC and MPC, Moxie KC has been irreparably damaged and will continue to be irreparably damaged to its commercial interests in reputation and sales.

50. Pursuant to 15 U.S.C. § 1116(a), Moxie KC is entitled to an order enjoining MPC from using the MOXIE trademarks in the Area.

51. Pursuant to 15 U.S.C. § 1117(a), Moxie KC is entitled to recover all profits derived by MPC from its actions, all damages sustained by Moxie KC caused by MPC, and the costs of the action.

52. MPC's conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. § 1117(a), this Court should award Moxie KC three times its actual damages.

53. Defendant's actions make this an exceptional case under 15 U.S.C. § 1117(a), and Moxie KC is entitled to an aware of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Moxie KC prays that this Court enter judgment in its favor and against defendant as follows:

(A)  For preliminary and permanent injunctive relief to prevent and restrain MPC, and all persons acting in concert with MPC, from using the MOXIE trademarks in connection with pest control services in the Area or engaging in any further violation of Moxie KC's rights;

(B)  For an award of all of MPC's profits derived from its wrongful use of the MOXIE trademarks in connection with pest control services in the Area;

(C)  For an award of three times the damages sustained by Moxie KC;

(D)  For exemplary and punitive damages;

(E)  For an award of reasonable attorney's fees as determined by this Court;

(F)  For costs incurred;

(G)  For pre-judgment and post-judgment interest at the highest allowable rate; and

(H)  For such other and further relief as this Court may deem just and proper.

Dated: May 3, 2024                                     Respectfully submitted,

/s/     Patrick D. Kuehl, Jr.
Patrick D. Kuehl, Jr.          KS #20113
RIMON P.C.
633 E. 63rd Street, Ste 220
Kansas City, Missouri 64110
Phone/fax: (816) 839-7471
patrick.kuehl@rimonlaw.com

*Attorney for Plaintiff Moxie KC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        /s/ Patrick D. Kuehl, Jr.
*Attorney for Plaintiff Moxie KC*